FILED
SUPERIOR COURT
OF GUAM

2023 MAY 16 PM 2: 54

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| GUAHAN VENTURES INC. DBA TURFCO | CIVIL CASE NO. CV0110-22 |
| Plaintiff, | |
| vs. | **DECISION AND ORDER** *Re: Defendant General Services Administration's* *Motion to Dismiss pursuant to GRCP 12(b)(1) and (6)* |
| THE OFFICE OF PUBLIC ACCOUNTABILITY, and THE GENERAL SERVICES ADMINISTRATION,, | |
| Defendants. | |

### INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on February 7, 2023, for a hearing on Defendant General Service Agency's ("GSA") Motion to Dismiss. Present at the hearing were: Attorney Joshua D. Walsh for Plaintiff Guahan Ventures dba Turfco ("Turfco"), Assistant Attorney General Sandra E. Miller for GSA, and Attorney Mitchell F. Thompson for Defendant Office of Public Accountability ("OPA"). Having considered the arguments, briefs, and applicable law, the Court hereby **DENIES** GSA's Motion to Dismiss.

### BACKGROUND

The instant case arises from Turfco's Complaint, which was filed on February 24, 2021. In the Complaint, Turfco alleged the following: GSA issued a Request for Quote ("RFQ") for Requisition No. Q210280170 on June 14, 2021, seeking golf carts. Compl., at 1.

That RFQ was awarded to Guam AutoSpot, and Turfco protested the procurement action naming AutoSpot as the intended awardee of the RFQ. *Id.* Turfco alleged that the award to AutoSpot violated the law because the award was allegedly based upon a last-minute specification change which only AutoSpot could meet. *Id.* On June 25, 2021, GSA denied Turfco's protest. GSA's Motion to Dismiss ("Motion"), at 3. Turfco appealed GSA's decision to the OPA. Compl., at 1. On December 16, 2021, the OPA held a hearing on the merits of Turfco's claims. *Id.* On February 10, 2022, the OPA issued a written Decision and Order denying Turfco's appeal. *Id.* Turfco now seeks judicial review of the OPA's Decision and Order. *Id.*

On April 22, 2022, GSA filed the instant Motion to Dismiss. Mot., at 1. Relevant to the dismissal, GSA argued that, *inter alia,*: (1) Turfco's Complaint should be dismissed under Guam R. Civ. P. 12(b)(1) because the contract has already been fulfilled and therefore the case is moot because the court no longer has the power to grant the relief requested by the Complaint; and (2) Turfco's complaint should be dismissed in its entirety because Turfco failed to state claims upon which relief may be granted in accordance with 12(b)(6). Mot., at 6-7, 13-14. A hearing on the instant Motion was held on February 7, 2023, where the parties made their arguments, and the Court took the matter under advisement.

## DISCUSSION

### I.  MOTION TO DISMISS FOR LACK OF JURISDICTION OVER THE SUBJECT MATTER—GRCP 12(B)(1)

#### a.  Jurisdiction of Superior Court

GRCP Rule 12(b)(1) provides for the dismissal of a civil action where a court lacks jurisdiction over the subject matter. *See* Guam R. Civ. P. 12(b)(1). The Superior Court's subject matter jurisdiction is generally set forth in Title 7 GCA Section 3105:

The Superior Court shall have original jurisdiction over all causes of action, and, except for those causes exclusively vested in the Supreme Court, may have appellate jurisdiction as may be provided by the Legislature.

7 GCA § 3105.

The Supreme Court of Guam established that, should a case become moot, the Court may lose jurisdiction over that case because courts may not give opinions upon moot questions or abstract propositions. *Rapadas v. Benito*, 2011 Guam 28 ¶ 16 (quotations omitted). The test for mootness is whether the issues involved in the trial court no longer exist because intervening events have rendered it impossible for the reviewing court to grant the complaining party effectual relief. *Id.* (citing *Tumon Partners, LLC v. Shin*, 2008 Guam 15 ¶ 37) (quotations omitted). However, the Court may consider the merits of an otherwise moot case if it falls under the "capable of repetition yet evading review" exception. *Id.* The exception is applicable when (1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again. *People v. Blas*, 2016 Guam 19 ¶ 17.

GSA argues that AutoSpot's full performance of the contract renders this case moot. Mot., at 6. Turfco responds that the exception is met because (1) the Guam Supreme Court ruled that contracts as short as two years are likely to meet the first prong, and (2) Turfco is a routine government bidder that has bid on previous contracts and is likely to bid on similar future contracts. Opposition to Motion to Dismiss ("Opposition"), at 3, 5 (citing *Basil Food Industrial Servs. Corp. v. Territory of Guam*, 2019 Guam 29 ¶ 13. GSA concedes that the first prong of the exception is met, but contests that the second prong is not met because the procurement of golf carts to meet COVID-19 emergency needs is not reasonably expected to occur again. GSA's Reply to Opposition to Motion to Dismiss ("Reply"), at 3. GSA attempts to distinguish the instant case from *Basil Food* on the grounds that that case involved meal

services provided regularly by the Government, while the circumstances of the instant case are highly unlikely to repeat themselves. Reply, at 3.

The Court finds that GSA's interpretation of the second prong is too narrowly construed. The allegations regarding a last-minute moving of the goalposts in the instant case are not specific to these particular circumstances, but, if proven true, may affect future bids by the complaining party if not addressed by the Court. Therefore, the Court finds that the "capable of repetition yet evading review" exception is met.

Furthermore, if the "capable of repetition yet evading review" exception is not met, the Guam Supreme Court has held that mootness is "a flexible discretionary doctrine, not a mechanical rule that is invoked automatically whenever the underlying dispute between the particular parties is settled or otherwise resolved." *Blas*, 2016 Guam 19 ¶ 23. A court has authority to reach the merits of a technically moot issue if the instant case presents an unsettled legal issue of public interest and importance of a recurring nature that will escape review unless the court exercises its discretionary jurisdiction. *Id.* Therefore, the Court DENIES GSA's motion to dismiss under 12(b)(1).

## II. MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED—GRCP 12(B)(6)

Generally, GRCP Rule 8 provides, in relevant part that "[a] pleading which sets forth a claim for relief ... shall contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." *Ukau v. Wang*, 2016 Guam 26 ¶ 21; *see* Guam R. Civ. P. 8(a). When interpreting the plain language of Rule 8(a), [the Supreme Court] has historically held that "Guam law requires only *notice pleading*, not fact pleading." *Id.* (emphasis added); citing *Joseph v. Guam Bd. of Allied Health Exam'rs*, 2015 Guam 4 ¶ 9; *see* also *Taitano v. Calvo Finance Corp.*, 2008 Guam 12 ¶ 13 ("Rule 8 requires only a short and plain statement of the

claim."). Specific facts are not necessary; the statement need only "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Further, the Guam Supreme Court has declined to adopt the "plausibility standard," and instead endorsed the *Conley* standard: "A complaint should not be dismissed for failure to state a claim unless it 'appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *See Ukau*, 2016 Guam 26 ¶¶ 26 - 27; citing *Core Tech International Corp. v. Hanil Engineering & Construction Co.*, 2010 Guam 13 ¶ 52.

Further, GRCP Rule 12(b)(6) allows a court to dismiss a complaint for failure to state a claim upon which relief can be granted. *See* Guam R. Civ. P. 12(b)(6). While a complaint attacked by a Rule 12(b)(6) motion to dismiss need not contain detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Ukau*, 2016 Guam 26 ¶ 26; quoting *Core Tech.*, 2010 Guam 13 ¶ 52. Beyond this, the Supreme Court has declined the invitation to apply a heightened plausibility standard to local civil proceedings, and it *imposes only a liberal notice pleading requirement. Id.* at ¶ 33 (emphasis added). When reviewing a Rule 12(b)(6) motion, the trial court must "construe the pleading in the light most favorable to the non-moving party, and resolve all doubts in the non-moving party's favor." *Id.* at ¶ 51. In ruling on a 12(b)(6) motion, a court's consideration is *limited* to the complaint, written instruments attached to the complaint as exhibits, statements or documents incorporated in the complaint by reference, and documents on which the complaint heavily relies. *Core Tech,* 2010 Guam 13 ¶ 29 (emphasis added).

GSA claims that Turfco's First and Second Claims are not valid because they do not cite any specific statute to support the purported violations. Mot., at 14. However, the Guam

Supreme Court has stated that, under the liberal rules of notice pleading, a party is not required to cite to a specific provision in order to establish that its legal rights have been violated. *Joseph v. Guam Bd. of Allied Health Examiners*, 2015 Guam 4 ¶¶ 8-10. Upon review and consideration of the Complaint in the light most favorable to Turfco, the Court finds that Turfco has given GSA sufficient notice of the pleading and the grounds upon which it rests.

GSA further claims that Turfco's Third and Fourth Claims are invalid because they were not included in their original appeal filed with the OPA, and therefore Turfco did not exhaust all administrative remedies for these claims before seeking judicial relief. Mot., at 14; Reply, at 5 (citing *Holmes v. Territorial Land Use Comm'n*, 1998 Guam 8 ¶ 9). Turfco claimed that the claims were raised in its appeal to the OPA, but that the OPA did not address either claim in its decision. Opp., at 15. GSA stated that the original protest was filed on July 10, 2021, and claimed that the Third and Fourth claims were filed as part of Turfco's Proposed Findings of Fact and Conclusions of Law ("FOFCOL") on January 10, 2022, after the OPA hearing on December 16, 2021. Reply, at 7-8. GSA claims that, because the FOFCOL was submitted after the OPA hearing, Turfco has waived these claims because it raised the claims "well beyond the 14-day statute of limitations as prescribed by 5 G.C.A. § 5425(a). Mot., at 14; Reply, at 8. Pursuant to 5425(a), a protest "shall be submitted in writing within fourteen (14) days after such aggrieved person knows or should know of the facts giving rise thereto." However, the Court finds that this 14-day time limit applies only to protests of the initial award, as 5425(a), (b), and (c) indicate that protests must be made to "the Chief Procurement Officer, the Director of Public Works, or the head of a purchasing agency." The Court finds no statutory provisions dictating time limits when appealing an agency protest decision to the OPA.

Therefore, upon review and consideration of the Complaint in the light most favorable to Turfco, the Court again finds that Turfco has given GSA sufficient notice of the pleading and

the grounds upon which it rests. The Court **DENIES** GSA's Motion to Dismiss all claims under GRCP 12(b)(6).

**CONCLUSION**

For the reasons set forth above, the Court hereby **DENIES** GSA's Motion to Dismiss.

**IT IS SO ORDERED**    MAY 1 6 2023   .

**HONORABLE ARTHUR R. BARCINAS**
Judge, Superior Court of Guam

SERVICE VIA E-MAIL.
I acknowledge that an electronic
copy of the original was e-mailed to:
RAZZANO, THOMSON
ACP
Date: _____ Time: 5/16/23

Joseph Bamba, Jr.
Deputy Clerk, Superior Court of Guam